In The United States Court of Appeals
For The Fourth Circuit

Jesse Aaron Davison, et al.          *        No. : 15 - 7202
          ~ Petitioner              *
                                    *        _____
          V.                        *        Criminal Case No.: MJG-10-0632
                                    *
United States of America   *   Civil Case No.: MJG-14-910

RECEIVED
2015 OCT 20   AM 8: 28
U.S. COURT OF APPEALS
FOURTH CIRCUIT

On Appeal From The United States District Court
For The District of Maryland
At Baltimore

Informal Opening Brief For Petitioner's
Section 2255 Civil Action

1). Jurisdiction:
          A). Name of the Court From which you are Appealing:
"United States District Court, For the District of Maryland,
Northern Division".

          B). Date(s) of Order, or Orders, you are Appealing:
i). "May 29th, 2015" (* Memorandum and Order ...); and
ii). "June 26th, 2015" (* Order Re: Motion For Reconsideration).

2). Timeliness of Notice of Appeal:

          A). Exact date on which Notice of Appeal was
placed in the institution's internal mailing system for

①

mailing to the District Court :

      i). "June 20th, 2015" (* Initial Notice of Appeal); and
      ii). "July 10th, 2015" (* Amended Notice of Appeal).

3). Certificate of Appealability :

      A). Did the District Court grant a Certificate of Appealability ? "No".

4). Issues on Appeal :

      A). "Issue One" : The District Court erred in its Decision concerning Grounds : Twenty Six and Twenty Seven of petitioner's Section 2255 Motion, with regard to its Denial of those Grounds, on the basis that the Claims of Error raised within those Grounds were not Cognizable, due to a lack of any Specification of the exact Errors being alleged.

      i). "Supporting Facts" : Within the multitude of "Motions" filed under this "Civil Action" by this petitioner (* aswell as the "Government"), it has been "Explicitly" conveyed to the District Court that the "Claim of Error" raised by him under Ground : Twenty Six is a Claim of : an "Abuse of Discretion" by the "Trial Court" with its : "Misinterpretation" of 18, U.S.C. § 2251 (a)'s "Mental Culpability" element, under the "Mens Rea" phrase : "For the Purpose of", as only requiring the "Government" to bear the "Burden of proving a : General Intent", instead of the : "Prerequisite - Specific Intent" actually required by that "phrase" within the "Provisions" of its "Statutory Structure" ;

      ②

and, therefrom, its erroneous: "Misapplication" of the wrong "Standard of Intent" (*i.e.: a "General Intent", rather than the "Prerequisite-Specific Intent" actually required by the "Mental Culpability" phrase: "For The Purpose of" under the "Second Element" of "§ 2251 (a)") in finding him "Guilty" of Counts: "One" (*§ 2251 (e)); since a "Conspiracy" is held to the "Standard of Intent" required of its "Substantive Offense"), and "Two-Five" of his convictions; thus making the "District Court's" stated "Reasoning" for its "Denial" of Grounds: "Twenty Six", and "Twenty Seven" (*a "Claim of: Ineffective Assistance of Trial Counsel" in-association to Ground: "Twenty Six"), a totally "baseless" and "erroneous" reason for a "Denial" of those "Grounds", therein "creating" an even further "Miscarriage of Justice" by not "Adjudicating" those Grounds "On the Merits" raised by this petitioner. (*Refer to: Document #4-1 of: "15-7202", pgs. #4-12; See also: Morrisette v. U.S., 342 U.S. 246, 264 n. #23 (1952); U.S. v. United States Gypsum Co., 438 U.S. 422, 444-45 (1978); U.S. v. Bailey, 444 U.S. 394, 403-06 (1980); U.S. v. Reedy, 632 F. Supp. 1415, 1422 n. *§ 16 & 17 (10th Cir. 1986); U.S. v. Fenton, 654 F. Supp. 379, 380 (3rd Cir. 1987); A.L.I. Model Penal Code, § 2.02 (2)(a)(i) (1962-2015); U.S. v. Blount, 364 F. 3d 173, 177-78 (4th Cir. 2004); U.S. v. Feola, 420 U.S. 671, 686-87 (1975); U.S. v. Deffenbaugh, 709 F. 3d 266, 272 (4th Cir. 2012); Davis v. U.S., 417 U.S. 333, 346-47 (1974); Hines v. Drew, 2013 U.S. Dist. Lexis 142846, *at: IV (4th Cir. 2013); Corcoran v. Sullivan, 112 F. 3d 836, 837-38 (7th Cir. 1997); and In re: Winship, 397 U.S. 358, 364 (1970)).

    ii). "Relief Being Sought": This petitioner is requesting that this Court: "Remand", both, Grounds: "Twenty Six" and "Twenty Seven", back to the "District Court", since it had failed to "Adjudicate" those Grounds "On the Merits" as "concisely" presented above, with "Instructions" for it to

③

make a "Determination" of those Grounds : "On the Merits" of the "Claims of Error" raised therein, as "denominated" by this petitioner under "Document#5: 177 (pgs. # 2~7); # 188 (pgs. # 14-15, and # 32-50); # 189 (pgs. # 2-3); # 198 (pg. # 7); as is "Consistant" with the "Supporting Facts" presented to this Court under "Document # 4-1 of: 15~7202", pgs. # 4-12", and Pgs. # 2-3" of this Motion ; and, if its "Decision" is in "petitioner's" favor, then: Vacate Counts "One-Five" on the basis of those egregious "Violations" of his "Fifth & Sixth Amendment" rights to a "Fundamentally Fair Trial", Due Process, and Effective Assistance of Counsel", as a "Relief" to this "issue"; or, in the "alternative", any such "Relief" as this Court Feels "appropriate", and which this petitioner may be "Entitled" to for this "Issue".

B). "Issue Two": The District Court erred in its Decision, concerning Ground: One of petitioner's Section 2255 Motion, with regard to its Denial of that Ground, which made the Claim that the Government in this case had committed Prosecutorial Misconduct by making a Misstatement of the Applicable Law concerning the "Culpability" Factor for Counts: Two and Three of petitioner's convictions.

i). "Supporting Facts": The "Facts" of this case clearly established, "on the record", that :

a). it was the "minor victim" herself that actually "Took" (*Produced) the "illicit videos" that comprise Counts: Two & Three, not this petitioner or his Co-Defendant "Tiffany Bolner"; and

b). the "minor victim" herself "Testified" that: "No one ever "Told" her to "photograph" (*Record) anything; and, if "she" did, it was

④

"only" because the (cameraphone) was just laying there and something "she" could get to ( * i.e. : no one "Persuaded, Induce, Enticed, or Coerced" her to "take" those "Visual Depictions" ) ( * Refer to : " Document # 4-1 , Appendix B-2 ).

Under the aforementioned set of circumstances where a defendant is charged under " § 2251 (a)" for the actual "Production" of "Child Pornographic" images , and it is the "Minor" , not the "defendant" , who actually "Takes" ( * Produces) those "illicit images" , the "Autoritative Caselaw" on such a matter "Holds" that : the requisite "Burden" on the "Government" , in "Proving" the "Second Element" of § 2251 (a) , then "Shifts" to a "Burden" of "Proving" whether : the defendant "Persuaded, Induced, Enticed, or Coerced" the "Minor" to "Take" the "Sexually Explicit Visual Depictions" of herself , "Before" she actually "Took" those "Illicit Visual Depictions" ( * See : U.S. v. Broxmeyer, 616 F. 3d 120 , * Holdings # 1 ( 2nd Circuit 2010)" ; also : "Stare Decisis Doctrine").

The Government "Misstated" the "Law" regarding the "Burden" it had to bear in "Proving" the petitioner's "Culpability" , under the aforementioned set of circumstances , in-order to "Prove" the "Second Element" of " § 2251 (a)" ; where it essentially stated : it is "more than Sufficient" in "Finding him "Culpable" for the "Production" of those "illicit images" under " § 2251 (a) , if it is "Proved" that : "After" he has "Realized" ( i.e. : come to "know") that the "minor" herself is actually "Recording the "Illicit Sexual Activity" ( * "After" that "illicit conduct" had already "commenced") , and then "Continues" to "Engage" in that "illicit activity" now "knowing" that it's actually being "Recorded" by the "Minor" , in "Proving" the "Second Element" of the Statute ( * Paraphrased ; Refer to : " Document # 4-1 , Appendix B-1) ; which was actually "Contrary" to the controling "Authoritative Caselaw" on the matter : " U.S. v. Broxmeyer, 616 F. 3d 120 ( 2nd Cir. 2010)" , "Applicable" to petitioner's case by means of the

"Application" of the "Stare Decisis Doctrine", since the "Second Circuit" had essentially "Decided" the very same "points-of-litigation" regarding: the Government's requisite "Burden" in "Proving" a defendant's "Culpability" for the actual "Production" of "Child Pornographic" images, under the "Second Element" of "§ 2251 (a)", where it was the "Minor" herself who "Took" the "Visual Depiction" of the "illicit conduct", not the "defendant"; and being that the "Fourth Circuit" has yet to directly decide on such a set of "circumstances" regarding the "Culpability-Factor" of a "defendant" under the set of circumstances mentioned above.

The "Misstatement of Law" made by the "Government" had the egregious outcome of essentially "Misleading" the "Trial Court", to the effect of having a "Direct" erroneous "Influence" on the "Determination" of its "Findings of Fact" concerning Counts: "Two & Three"; and, therefrom, its "Verdicts" on those counts of petitioner's convictions. ("Refer to:" Document #4-1, Appendix A-5, pgs. "64-66"). Thereby "Violating" this petitioner's "Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process".

The "District Court's" decision regarding Ground: "One" ("Refer to:" Document #19", pgs. #"12-14"), had erroneously "Focused" upon the "Actual Facts" under "Broxmeyer", while totally "disregarding" the "Ratio Decidendi" of its "Holding" concerning: the "Shift" in the "Government's" own "Requisite Burden" regarding the "Second Element" of "§ 2251 (a) when it is the "Minor" herself, not the "Defendant", who actually "Took" ("Produced") the "Illicit Images" that are the "basis" for the Courts charging a "Violation of" "§ 2251 (a) against the "defendant"; which is "Wholly-Pertinent" to the set of "circumstances" that actually "surround" the "Production" of the "illicit images" that are the "basis" of Counts "Two & Three" of this petitioner's "convictions; thereby creating

6

an even Further "Miscarriage of Justice" concerning those "Counts of Conviction", and a "Manifest Error" in the "Decision" of the "District Court" regarding Ground: "One" of petitioner's "Section 2255" Motion. (*Document #4-1, pgs. #14-17).

ii). "Relief Being Sought": Given the foregoing information regarding this "issue", this petitioner is "Requesting" that: this "Court" "Review" the "Holding" under "Broxmeyer, supra" within the "Doctrine" of "Stare Decisis" (*under: "Holding 1"), particularly its "Ratio Decidendi" for "Holding 1", in conjunction with the "set of circumstances" surrounding the "Production" of the "illicit images" that are the "basis of Counts: "Two & Three", and if the "Holding" under "Broxmeyer" is Found to be "Authoritative" and "Controling Caselaw" under the "Facts" of petitioner's case by this Court, then it is "Further requested" that this Court: "Vacate" the "Convictions" under Counts: "Two & Three" on the basis that: those "Counts of Conviction" were the "direct-result" of the Government "Misleading" the "Trial Court" with its "Misstatement of Law" as to its "Burden" regarding the "Second Element" of "§ 2251(a)", in-light of the "Authoritative-Holding" under "Broxmeyer, supra" on the matter, Applicable to "petitioner's case" by means of the "Stare Decisis Doctrine"; "resulting" in him erroneously being Found "Guilty" of Counts: "Two & Three" absent "Proof" Beyond a Reasonable Doubt of every "Essential Element" of "§ 2251(a)" (* See: "U.S. v. Broxmeyer, 616 F.3d 120, 125-26, "Holding 1 (2nd Cir. 2010)"; In re Winship, 397 U.S. 358, 364 (1970)"; and "Francis v. Franklin, 471 U.S. 307, 313 (1985)").

C). "Issue Three": The District Court erred in its Decision, concerning Grounds Seven of petitioner's Section 2255 Motion, with regard to its Denial of that Ground, which claimed that the Trial Court Abused its Discretion in Failing to Grant a Pretrial on

Count: Eight of petitioner's convictions.

     i). "Supporting Facts": "After" the "Trial Court" found this petitioner "Guilty" of "Obstructing Justice" under Count: "Eight", but before "Sentencing" on that "Count of Conviction", the "Supreme Court" issued its "Decision" under: Fowler v. U.S. , ___ U.S. ___, 131 S. Ct. 2045 (2011), which made a "Precedential" change in "Caselaw" and the "Application" of the "Statutory Provisions" for a "Violation" of "Title 18, U.S.C. Section 1512", where: the "Standing-Applicable Law" for a "Violation" of "Section 1512", "Governed" by the "Strict-Liability" Standard of "Perry", which the "Trial Court" had "relied" upon in reaching its "Verdict" on the matter, was now "Supplanted", with the "Reasonable Likelihood" Standard "Standing" as the "Governing-Standard" for a "Violation of "Section 1512" (* See: U.S. v. Wainwright, 789 F. Supp. 2d 699 (E. Va. 2011)); where, in-order for the "Government" to "meet" its "Burden" under the new "Standard", it must "Prove", Beyond a Reasonable Doubt, that: "In the Absence of' the: 'Attempted Destruction of Evidence' (* " § 1512 (c)(1) & (2)", analogous to this case), it is 'Reasonably Likely' that atleast 'one-relevant communication' would have been made to a 'Federal Officer', concerning that 'Evidence'" (* 131 S. Ct., at: 2052).

     In the District Court's "Denial" of Ground: "Seven" of petitioner's "Section 2255" Motion, it had erroneously "focused upon the "Communication" aspect of the "Provisions" under "Section 1512", without "taking-into-account" the: "In the Absence of" terminology of the "Holding" under "Fowler" in "Applying" the "Reasonable Likelihood" Standard to those "Provisions" (Refer to: Document # 4-1, Appendix A-1, pgs. 10-12 (under "original" as: "Document # 196)); where, in actually "Applying" the "terminolgy" of that "Holding" to Count "Eight" of this petitioner's case, this Court would "Find"

⑧

that : "In the 'Absence' of" this petitioner "writing" "his" "sister" asking her to essentially "Destroy" the "illicit images" (*" Evidence" in this case )"contained" on the "SD - Memory Cards", absolutely "no - communication" would have been made to any "Law Enforcement Officer" (* whether : "Federal" or "State Officers") regarding those "illicit visual depictions" themselves, since "Law Enforcement's own Eventual - Knowledge" concerning the very "Existance of any of the Child Pornographic" evidence of this case, had actually been "brought - to - their - attention" only by means of petitioner's own "Efforts, alone, to have his Sister Destroy that Evidence" ; wherefore , "Absent" those "Efforts by petitioner , it is not Reasonably Likely" that "Any relevant - communication would have been made to Any Officer of the Law" ; and any such "scenario" which "deveates" in the "Application of the in the absence of" terminology in "Applying the Reasonable Likelihood Standard" under "Fowler" , is an "undercut" of that "Standard" , and can be regarded as no - less than a : "Misapplication of the Holding" under "Fowler" , and a "Miscarriage of Justice" in such a "Verdict" (* "Refer to: Document #4-1", pgs. "#18-19").


ii). "Relief Being Sought" : Given the foregoing information regarding this "Issue", which concerns an "Error" in the "District Court Deciding" petitioner's "Claim" under "Ground: Seven" of his "Section 2255" Motion of the "Trial Court" Abusing its "Discretion" by "Failing to Grant" a "Retrial" on "Count: Eight" of his convictions , this petitioner is requesting that : this "Court" "Vacate" "Count: Eight" on the basis of a "Precedential Change" in the "Applicable Law" concerning a "Violation of" "Section 1512 prior to Final Judgement" being "rendered" on that "Count of Conviction" , thereby "Violating his

"Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process", as "Asserted" by petitioner under Ground: "Seven" of his "Section 2255 Motion"; or, in the "alternative", any such "Relief" as this Court feels "appropriate", and to which this petitioner may be "Entitled to, concerning this "Issue" (* Refer to: "Document # 175, pgs. # 10-12").

D). "Issue Four": The Trial Court Abused its Discretion, with regard to its Misinterpretation and Misapplication of § 2251 (a)'s Mental Culpability phrase: For The Purpose of, concerning Counts: One - Five of petitioner's convictions; as was raised by him under Ground: Twenty Six of his Section 2255 Motion to the District Court.

i). "Supporting Facts": This petitioner herein "Adopts", forthright, the "Facts" denominated by him under "Document # 4-1, pgs. # 4-11, with this Court, which regard his "Claim" that the "Trial Court" had "Abused its Discretion" by: "Misinterpreting the "Mental Culpability phrase "For The Purpose of" as the "Burden" upon the "Government" to prove only a: "General Intent", rather than the "Mental State" of a: "Prerequisite-Specific Intent" actually "required" by the Statute "Utilizing" the "Mens Plea" term: "Purpose" within its "Culpability Element"; and then its "Misapplication" of wrong "Standard of Intent" (i.e.: a "General Intent") in finding petitioner "Guilty" on Counts: "One - Five", thereby essentially "Convicting" him for "Engaging" in "Conduct with an "Intent" which actually falls "Outside" the "Reach" of § 2251 (a)'s "Scope" for an accused to be "Mentally Culpable" for its "Statutory Provisions"; therein

"Violating" this petitioner's "Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process".

"In-Addition" to those "Facts", this petitioner further "Asserts" that:

a). the "Second Circuits'" Decision under: "U.S. v. Sirois, 87 F. 3d 34, 39 (1996)" ("Which has been the "Autoritative" caselaw that "Governs" the Government's "Burden" concerning the "Standard of Intent" it must "Prove", under the "Second Element" of "§ 2251(a)", in-order for a Court to "Find" that a defendant is "Mentally Culpable" for a "Violation" of the Statute's proscribed "Provisions"), cannot be "Reasonably-Accepted" as "Authoritative" and "Applicable Law" in deciding a "Violation of "§ 2251(a)", since the "Holding" under "Sirois" was strictly "Determined" by the "Second Circuit" erroneously "Relying" solely and heavily upon the "Decisions of other Courts" who had "Considered a "Violation" of the "Mann Act" (i.e.: 18, U.S.C. § 2421"), which, itself, only "Utilizes" the "Mens Rea" term: "Knowingly", rather than that of a "Purpose "Mens Rea actually "Required" of a defendant under "§ 2251(a), as its only "Constitutent" for "Mental Culpability" under "§ 2421; thereby holding someone accused of "Violating "§ 2421 to a "Lesser-Mens Rea requirement of: "Knowledge" (i.e.: "General Intent"), than the "Highest-Mens Rea" of "Purpose" (i.e.: "Specific Intent") actually "Required" by the "Statutory Language" of "§ 2251(a)" (See: "A.L.I." Model "Penal Code", 2.02 (2) (1962-2015")); thus, a "Court's "Utilization" of the "Holding under "Sirois", which "Applies" the "Dominant Motive" Standard of Intent (i.e.: a "General Intent") of the "§ 2421 caselaw "Standard of Intent" to a "Violation

of "§ 2251 (a)" that actually "Requires" proof of a "Prerequisite - Specific Intent" for a defendant to be "Mentally Culpable" for its "Provisions", therein "Violates" a defendant's "Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process" by: determining his "Guilt" upon a "Standard of Intent" which actually Falls "Outside" the "Scope" of "Mens Rea" required for "Mental Culpability" of "§ 2251 (a)'s" Provisions and which "Federal Law" does not make "Criminal" under those "Provisions" of "§ 2251 (a)" (* See: Davis v. U.S., 417 U.S. 333, 346-47 (1974)"; Hines v. Drew, 2013 U.S. Dist. Lexis 142846, * at: ____ (4ᵗʰ Cir. 2013)"; Corcoran v. Sullivan, 112 F.3d 836, 837-38 (7ᵗʰ Cir. 1997)"; and "U.S. v. Reedy, 632 F. Supp. 1415, 1422 at : n.# 16 & 17 (10ᵗʰ Cir. 1986)"; and, therefore, as a "Matter of Law", the "Dominant Motive Standard of Intent", whose "Application" to "2251 (a)" is "Governed" by the "Holding under "Sirois" (* at: 39"), is in no way "Authoritative" in a Court "Determining" the actual "Standard of Intent" required of this petitioner, in-order to "Prove" Beyond a "Reasonable Doubt", that he is "Mentally Culpable", under the "Second Element" Mens Rea phrase: "For the Purpose of", for a "Violation of the "Use" catagory under "§ 2251 (a) & (e)", as charged under Counts:" One - Five" of petitioner's "convictions", and cannot be "Reasonably-Applied" to a "Violation" of "§ 2251 (a)" without a "Court" egregiously "Violating a defendant's "Fifth Amendment" rights, as the "Trial Court" has done in this petitioner's case as mentioned above.

   ii). "Relief Being Sought": This petitioner is "Requesting" that: In the "Alternative" of this Court "Remanding" Grounds: "Twenty Six" and "Twenty Seven", of petitioner's "Section 2255" Motion, back to the

"District Court" for those "Grounds" to be Adjudicated "On The Merits" of petitioner's "Claims", as was "Requested" as a "Relief" for "Issue One" of this Motion, that this Court may choose to "Vacate" Counts: "One - Five" of his convictions, on the basis of the "Assertions" made by him concerning those "Grounds" under pgs. #"2-4" & "10-12" of "Motion" herein, as well as "Document #"4-1" of "15-7202", pgs. #"4-11".

E). "Issue Five": The District Court erred in its Decision concerning Grounds: Nine, Ten, Fifteen, Eighteen, Twenty Two, and Twenty Seven of petitioner's Section 2255 Motion, with regard to its Denial of the Ineffectiveness of Trial Counsel's Assistance raised within those Grounds.

i). Supporting Facts: the "Facts" which "Supports" the "Claim" of this "Issue", on a "Ground - by - Ground" basis, are as follows:

a). "Ground Nine": Defense Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Object" on the record to the Government's improper and material "Misstatement" of Law, where Defense Counsel had the "Knowledge" that: in-order to "Prove" the "Second Element" of "2251 (a)", when it is the "Minor" herself, not the "Defendant", who actually "Took" the "Sexually Explicit Visual Depictions" of herself (* as was the case for the "illicit images" that are the "basis" for Counts: "Two & Three"), the "Burden of Proof" under that "Element" then "Shifts" to a "Requirement" for the Government to "Prove" that: the defendant's "Use" of the "Minor" to have her "Take" (* Produce) those "illicit images" was brought-on by his "Persuasion, Inducement, Enticement, or Coercion" of that "Minor" to "Take" the "illicit Visual Depictions" of herself "Before" she actually "Took those illicit images

in-order for the "Government" to "Meet" its Burden "Beyond a Reasonable Doubt" (*See: U.S. v. Broxmeyer, 616 F.3d 120, *at: Holdings # 1 (2nd Cir. 2010); and "Stare Decisis Doctrine"); where it was the "Minor Victim" "C.W." herself who actually "Took" the "Videos" that are the "basis" for Counts: "Two" and "Three", without being "influenced" by this petitioner "Before" she "Took" those "illicit videos" herself; therein "Violating" the petitioner's "Sixth Amendment" right to an "Effective Assistance" of "Trial Counsel";

    b). "Ground Ten": Defense Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Object" on the record to the Court's "Plain Errors" of: Misstating the Facts of petitioner's case regarding the "Existance" of a "Conspiracy Agreement" between "Petitioner" and Co-Defendant "Tiffany Bolner" to "Mislead" the minor victim's "Mother" had been "Established" in the "Government" proving the "First Element" of "§ 2251(e)", which was "Legally" and "Factually" inconsistant with the "Actual Facts" of this case already established" on the record; where "Legally" such an "Agreement" must be "Proven" to have Existed "Prior" to the "occurrence" of the "Substantative Offense" itself in-order to "Prove a Conspiracy" to "Commit" that "Offense"; and "Factually", the "Record" had "Established" three-Facts on the matter that are "Material to petitioner's "innocence" concerning a "Conspiracy To Produce Child Pornography" (* Count: "One"):

    1). that it was "Tiffany Bolner" and the "Minor Victim" themselves, without "this petitioner" being "present", had "devised" a "ruse" to "Mislead" the minor's "Mother";

    2). "Ms. Tusing", the minor's "Mother", testified that

"she" had'nt "met" this petitioner until "Late - April 2010", and "anything" she had "personally - known" about "him" to that point was "Told to her" by either "Tiffany Bolner" or her daughter "C.W.", not the "Petitioner" himself; and

3). absolutely "All - illicit visual depictions" attributed to being "Produced" by "this petitioner" or "Tiffany Bolner", were "Taken" between "February 11th, 2010 - March 12th, 2010", making any "Claim" made by the "Court" or "Government" that: petitioner's "conversation" with "Ms. Tusing" in "Late - April 2010" was a "Statement" made by him "in-furtherance" of the alleged "Conspiracy", erroneous and baseless and "without merit" in the face of the "Facts" established on the record "to the contrary".

With the "Court": relying upon its "Misstatement of Fact" concerning the "Establishment" of such an "Agreement", in determining petitioner's "Guilt" for "Count" "One"; therein "Defense Counsel" had deprived the petitioner of his "Sixth Amendment" right to an "Effective Assistance" of "Trial Counsel"; by "Failing" to "Object" to those instances of "Plain Error";

c). "Ground Fifteen": Defense Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Object" on the record to the Court's "Abuse of Discretion" in it "Failing" to "Grant" a "Retrial" on "Count Eight" in-light of a "Precedential Change" in the "Applicable Law" by the "Supreme Court" concerning a "Violation" of "Section 1512", "Prior to a Final Judgement" being "Rendered" on that "Count of Conviction", under: Fowler v. U.S., ___ U.S. ___, 131 S.Ct. 2045 (2011); where, in-light of the new "Reasonable Likelihood" Standard, "Governed" by "Fowler", upon "Retrial of Count: "Eight" (* a "Violation" of: § 1512 (c)(1)&(2)") this petitioner would have definitively been Found "Not Guilty" of that "Count", through

a correct "Application" of the : "In The Absence of" terminology of that "Holding" (*Id. at : 2052); and, therefore, "Defense Counsel" had therein "deprived" this petitioner his "Sixth Amendment" right to an "Effective Assistance" of "Trial Counsel", by "Failing" to "Object" to the Court "Abusing its Discretion" in "Failing to "Grant" a "Pretrial" on Count : "Eight" of petitioner's convictions;

d). "Ground Eighteen : Defense Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Properly-Argue" the "Authoritative Elements" of : U.S. v. Broxmeyer, 616 F.3d 120, 125-26 (2nd Cir. 2010), by "disclosing", to the "Court", the "Ratio Decidendi" of its "Holding #1", which therein "Forms its "Authoritative" element to make that "Holding" by the "Second Circuit" under : "Broxmeyer, supra", Applicable Law in the "Trial Court" properly "deciding" Counts : "Two and "Three" of this petitioner's convictions, by: "Applying the "Stare Decisis Doctrine" to "Holding #1" under "Broxmeyer, supra"; which would have "Proven" that this petitioner is neither "Legally" or "Factually" "Culpable" for the "Actual-Production" of the "illicit videos" that are the "basis" for Counts : "Two and "Three" of his convictions; and thus "Defense Counsel" had therein "Deprived" this petitioner of his "Sixth Amendment" right to an "Effective Assistance" of "Trial Counsel";

e). "Ground Twenty Two" : Defense Counsel's "Assistance" was "Ineffective", wherefore, if not "Individually", then as a "Cumulative Effect", the multiple "Serious Attorney Errors" made by "Defense Counsel" during the course of petitioner's "Trial", as denominated by this petitioner within "Grounds": "Nine, Ten, Fifteen, Eighteen, and "Twenty Seven" of his "Section 2255 Motion", had the "Egregious Effect" of rendering that

⑯

"Assistance" by Defense Counsel "Ineffective" under the "Totality of Circumstances" present within this case, and, thus, did not "Amount" to the "Effective Assistance" of "Defense Counsel" that is "Required" by the "Sixth Amendment", in which a defendant is "Assured" that he recieves a "Fundamentally Fair Trial" on every "Contained Count" of his "indictment", which petitioner asserts he did not recieve; and, therefore, he was therefore : "Deprived" of his "Sixth Amendment" right to have an "Effective Assistance" of "Trial Counsel"; and

F). Ground Twenty Seven : Defense Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Object" on the record to the "Trial Court" egregiously "Abusing its Discretion" by erroneously "Misinterpreting" the "Mental Culpability" phrase of "2251 (a) as a "Burden" upon the "Government" to "Prove" only a : General Intent under the "Culpability" phrase : "For The Purpose of" within the "Second Element" of the Statute itself, rather than the "Prerequisite-Specific Intent" required by the "Mens Rea" term : "Purpose" embedded within that "phrase" (*See: "Morrisette v. U.S., 342 U.S. 246, 264 n.#23 (1952)"; "U.S. v. United States Gypsum Co., 438 U.S. 422, 444-45 (1978)"; "U.S. v. Bailey, 444 U.S. 394, 403-06 (1980)"; "U.S. v. Reedy, 632 F. Supp. 1415, 1422 n.#5 16 & 17 (10th Cir. 1986)"; "U.S. v. Fenton, 654 F. Supp. 379, 380 (3rd Cir. 1987)"; and "A.L.I. Model Penal Code, §2.02 (2)(a)(i) (1962-2015)"), and, therefrom, had "Misapplied" the wrong "Standard of Intent" (*i.e.: a "General Intent") in "Finding" this petitioner "Guilty" of Counts : "One" (*§2251 (e)), and "Two-Five" (*§2251 (a)), therein "Violating" petitioner's "Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process" (*See: Davis v. U.S., 417 U.S. 333, 346-47 (1974)"; "Hines v. Drew, 2013 U.S. Dist. Lexis 142846, *at : VI (4th Cir. 2013)"; "Corcoran v. Sullivan, 112 F. 3d 836, 837-38 (7th Cir. 1997)";

"U.S. v. Feola, 420 U.S. 671,686-87 (1975)"; "U.S. v. Defferbaugh, 709 F.3d 266,272 (4th Cir. 2012); and "In re: Winship, 397 U.S. 358, 364 (1970)"); thereby, "Defense Counsel" had "Deprived" this petitioner of his "Sixth Amendment" right to an "Effective Assistance" of "Trial Counsel".

ii). "Relief" Being Sought": This petitioner is "Requesting", as "Relief" for the above referenced "Grounds" under this "Issue", that this Court may "Remand" Ground: "Twenty Seven" back to the "District Court" with "instructions" for that Court to properly "Adjudicate" that Ground "On The Merits" as clearly "denominated" to this Court under pgs: "3-4" and "17-18" of this Motion, and "Vacate" Counts: "One - Five" and "Eight" on the basis of petitioner's claim under Grounds: "Nine, Ten, Fifteen, Eighteen, and Twenty Two" that he did not recieve an "Effective Assistance" from "Trial Counsel" concerning those "Counts of Conviction" therein "Depriving" him his "Grounds" of "Guarantee" to have "Assistance" by "Counsel" that is "Effective" by means of the "Sixth Amendment"; or, in the "alternative", any such "Relief" as this Court Feels "appropriate", and to which this petitioner may be "Entitled" to, concerning this "Issue".

F). "Issue Six": Appeallette's Counsel's Assistance was Ineffective, with regard to its Failure to Properly Present, and Argue, the Merits of issues raised on Direct Appeal, and its Failure to Raise an Issue on Direct Appeal concerning a Substantial Constitutional Violation, as raised by this petitioner under Grounds: Twenty Three and Twenty Eight of his Section 2255 Motion, causing a Violation of his right to Equal-Protection of the Law granted to petitioner by way of the: Fifth, Sixth, and Fourteenth Amendments.

i). "Supporting Facts": the "Facts" which "Support" the "Claim" of this "Issue", on a "Ground-by-Ground" basis, are as follows:

a). "Ground Twenty Three": Appellette Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Properly Present" Appellant's "claims" of "Judicial Errors" made by the "Trial Court" regarding its "Abuse of Discretion" and "Plain Error", with regard to: the "Trial Court" relying upon the erroneous "Legal Premise" made by the "Government" in its "Misstatement of Law", in determining petitioner's "Guilt" on Count's "Two and "Three" of petitioner's convictions ("Abuse of Discretion"); its "Failure" to "Grant" a "Retrial" on Count "Eight" ("Abuse of Discretion"); and its "Misstatement of Fact" regarding its "determination" that a "Conspiracy-Agreement" existed between this petitioner and "Tiffany Bolner" before the "First-illicit" visual depiction had been "created" on "February 11th, 2010" which was "contrary to" the "Actual Facts established" on the record, then "relied" upon that "Misstatement" in "Finding" petitioner "Guilty" of Count "One" of his convictions ("Plain Error"); and, therefore, had "deprived" this petitioner an "Effective Assistance" by "Appellotte Counsel", and therein: "Equal-Protection of the Law"; and

b). "Ground Twenty Eight": Appellette Counsel's "Assistance" was "Ineffective", concerning its "Failure" to "Raise" the "Material" and "Substantial" Constitutional Claim of: the "Trial Court's" "Abuse of Discretion" regarding its: "Misinterpretation" of the "Mental Culpability" phrase: "For The Purpose of", embedded within the "Second Element" of "2251(a)"; and, from that "Misinterpretation", its "Misapplication" of the wrong "Standard of "Intent" in "determining" petitioner's "Guilt" on Counts: "One-Five" of his convictions, as "denominated" by this petitioner

under <u>Ground</u>: "<u>Twenty Six</u>" of his "<u>Section 2255</u>" Motion; thereby "unduly-prejudicing" this petitioner by causing the "material" and "injurious effect" of allowing the aforementioned "<u>Claim of Error</u>" to be "Procedurally Defaulted" for <u>Appellete Counsel's</u> "Failure" to "raise" that "<u>Claim of Error</u>" on "<u>Direct</u> <u>Appeal</u>"; and, therefore, "<u>Appellete Counsel</u>" had "<u>Deprived</u>" this petitioner of having an "<u>Effective Assistance</u>" during his "<u>Direct Appeal</u>" process, and, therein, a "<u>denial</u>" of: <u>Equal-Protection of the Law</u>".

   ii). "<u>Relief Being Sought</u>": This petitioner is "<u>Requesting</u>", as "<u>Relief</u>" for the aforementioned "<u>Grounds</u>" within this "<u>Issue</u>", that this Court may "<u>Vacate</u>" Counts "<u>One - Five</u>" and "<u>Eight</u>" of petitioner's <u>convictions</u>, on the "<u>basis</u>" of the "<u>Claims</u>" embedded within those "<u>Grounds</u>"; or, in the "alternative", any such "<u>Relief</u>" as this Court feels "<u>appropriate</u>", and to which <u>this petitioner</u> may be "<u>Entitled</u>" to, concerning this "<u>Issue</u>".

   Wherefore, given <u>all the foregoing information</u>, this petitioner "Asserts" that he has "met" the "Standard" and "Criteria", as "Set Forth" under: "<u>28, U.S.C. § 2253 (c)(2)</u>", and "<u>Requests</u>" that <u>this</u> <u>Court</u> "<u>Formally-Issue</u>" a <u>Certificate of Appealability</u> on all "Six" stated "Issues" <u>raised to this Court within this Petition</u> (* See: "<u>Miller-EL v. Cockrell</u>, 537 U.S. 322, 336 (2003)"; "<u>Slack v.</u> <u>McDaniel</u>, 529 U.S. 473, <u>484-85 (2000)</u>"; "<u>U.S. v. Smith</u>, 2015 U.S. District Lexis 332, * <u>at: #1 (4th Cir. 2015)</u>"; and "<u>Rose v. Lee</u>, 252 F. 3d 676, <u>683 (4th Cir. 2001)</u>"), <u>in-accordance</u> with the "Provision" under: "<u>§ 2253 (c)(3)</u>".

   Therefore, this petitioner prays that <u>this</u> "Court of

Appeals" may "Issue" a "Certificate of Appealability" in this case concerning all "Issues" raised.

I declare, under the penalties of perjury, that the foregoing information is "True" and "Correct".

Signed on this "8th" day of "October 2015".

_____

"Certificate of Service"

I hereby certify that, on this "8th" day of "October 2015", a "True Copy" of this: "Informal Opening Brief..." was "mailed", postage prepaid, to: "Paul E. Budlow & Kristi Noel O'Malley, Office of the U.S. Attorney, 36 S. Charles st., 4th Fl., Baltimore, MD 21201".

Pro Se
Jesse Aaron Davison
I.D.#: 369-514
14100 McMullen Hwy.
Cumberland, MD 21502

15-7202
CAT

<u>Certificate of Filing</u>

I hereby certify that, on this "8th" day of "October", the enclosed: "<u>Informal Opening Brief</u> ..." was "deposited" in the prisons' "internal-mail system", and "mailed", postage prepaid, to: "<u>Clerk of the Court, U.S. Court of Appeals, Fourth Circuit, U.S. Courthouse Annex, 5th Floor, 1100 E. Main St., Richmond, VA 23219</u>"; and therefore, has been "<u>Filed</u>" as "<u>Timely</u>".

I declare, under the penalties of perjury, that the above stated information is "<u>True</u>" and "<u>Correct</u>".

Pro se
Jesse Aaron Davison # 369-514
N.B.C.I.
14100 McMullen Hwy.
Cumberland, MD 21502

RECEIVED
2015 OCT 20 AM 9:28
U.S. COURT OF APPEALS
FOURTH CIRCUIT



Clerk of The Court

U.S. Court of Appeals, Fourth Circuit
U.S. Courthouse Annex, 5th Floor
1100 E. Main Street
Richmond, VA 23219

Jesse Davison #369-514
11100 McMullen Hwy.
Cumberland, MD 21502

