In The United States Court of Appeals
For The Fourth Circuit

Jesse Aaron Davison, et al.         *    App. No.: 15-7202
   - Petitioner                       *
                                     *
                                     *
       v.                           *    Criminal Case No.: MJG-10-0632
                                     *
United States of America           *    Civil Case No.: MJG-14-910
   - Respondant                      *

\* \* \* \* \* \* \* \* \* \* \*

On Appeal From The U.S. District Court
For The District of Maryland
At Baltimore

\* \* \*

Petition For Rehearing

      Petitioner, Jesse Aaron Davison, pro se, pursuant to: "Fed. R. App. P., Rules 35 & 40", is respectfully petitioning this Court to "Rehear" the matters of this case by "Granting" him a "Rehearing" in the above cited "Appellette Case No.", on the following basis that:

      1). This petitioner believes that:

      a). A Material Fact or Legal Matter in this case was overlooked;

      b). The Opinion given by this Court explicitly Conflicts with Decisions of the Supreme Court of The United

(1)

States, this Court, and other Courts of Appeals as well, and that Conflict was not addressed by this Court; and

c). This case involves one or more questions of Exceptional Importance, which deserves a Direct and Explicit response from this Court in Addressing them.

2). The "Caselaw" applicable to the issuance of a "Certificate of Appealability" states that: a C.O.A. will not issue absent "a Substantial Showing of the Denial of a Constitutional right"; and when the "District Court" denies relief "On the Merits", a petitioner "Satisfies" that Standard by demonstrating that "reasonable jurists" would find that the "district court's own assessment of the Constitutional Claims is either debatable or wrong". (*See: "28, U.S.C. § 2253 (c)(2)"; "Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)"; "Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)"; "Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001)"; and "U.S. v. Smith, 2015 U.S. Dist. Lexis 332, * at 1 (4th Cir. 2015)"). Wherefore, a "Reasonable Jurist" is described by the "Supreme Court" as: one who would "a). consider Fairly 'all of the evidence' presented; and b). 'conscientiously obey' the trial court's instructions requiring 'Proof Beyond a Reasonable Doubt'" (*See: "Schlup v. Delo, 513 U.S. 298, 329 (1995)"). And thereby, this petitioner believes that: a). he made the requisite "Substantial Showing/Demonstration" necessary; and b). such a "Reasonable Jurist", as is mentioned above, who "reasonably considers" all of the evidence presented to this Court, in an "unbiased" and "Fair" manner, would undoubtably find that: the "District Court's own "assessment" in this case, of petitioners "Constitutional Claims" raised in his "Section 2255" Motion, is either "Debatable" or "Wrong", because:

i). The "District Court" had "Explictly" failed to

②

"Adjudicate" the actual "Constitutional Claim" raised "On The Merits", as presented within that "Ground" under the "Multiple Motions" filed by petitioner; and

ii). The "Assessments/Decisions" of the "District Court" actually "Conflicted" with prior "Holdings/Decisions" of the: "Supreme Court, This Court, other Court of Appeals, or Congressional Intent", in one manner or another; which would clearly "determine" that the "Assessment" by the "District Court" is "Wrong" or "Debateable", and deserve "Explicit Attention" to the "Issues" presented.

3). The "Issues" that follow, their "Arguements" and "Supporting Caselaw", fall within the "Guidelines" for "Recognition" by this Court for "Rehearing", and they are:

A). That the District Court erred in its Decisions concerning Grounds: Twenty Six and Twenty Seven of this petitioner's Section 2255 Motion, with regard to its Denial of those Grounds on the basis that the Claims of Error raised within those Grounds were not Cognizable due to a lack of any Specification of the Errors being alleged; and thereby, the District Court failed to Adjudicate those Grounds: On The Merits raised. (*Issue One)

i). The "basis" of this Arguement is simple. The "District Court" was "supplied" with enough "Informative Information" through the "Multiple Motions" filed by both "this petitioner" and the "Government" in this case, which specifically "Specified" and allowed that Court to properly "Discern" that the "Claims of Error" being presented under Grounds: "Twenty Six and Twenty Seven" were:

③

a). Ground: "Twenty Six" is a "Claim" of an "Abuse of Discretion" by the "Trial Court", with its "Misinterpretation" of: 18, U.S.C. § 2251(a)'s "Mental Culpability Element", embedded within its "Second Element" under the "Mens Rea" phrase: "For The Purpose of", as "only requiring the "Government" to "Prove" a "General Intent" (*Knowledge), instead of the "Prerequisite-Specific Intent" burden actually "Required" by the "Legislature's "Usage" of the "Mens Rea" term "Purpose" within its "Formulation" of the Statute's "Structural Provisions" (*See: "Morrisette v. U.S., 342 U.S. 246, 264 n.#23 (1952)"; "U.S. v. United States Gypsum Co., 438 U.S. 422, 444-45 (1978)"; "U.S. v. Bailey, 444 U.S. 394, 403-06 (1980)"; "Carhart v. Ashcroft, 331 F. Supp. 2d 805, 1039 (8th Cir. 2004)"; "Kashman v. Vilsak, 865 F. Supp. 2d 1083, 1091-92 (9th Cir. 2012)"; and "A.L.I Model Penal Code, § 2.02(2) (1962-2015)"); and then its erroneous "Misapplication" of the "Wrong-Standard of Intent" (*i.e.: a substandard "General Intent" (*Knowledge), rather than the "Prerequisite-Specific Intent" actually "Required" to be "Proven" under "18, U.S.C. § 2251(a)" by the "Inclusion" of the "Mens Rea" term "Purpose" within its "Second Element"), in "Finding" petitioner "Guilty" of Counts: "One-Five" of his convictions; thereby "Violating" petitioner's "Fifth Amendment" right to "Due Process" (*Refer to: "Document #4-1, Pgs. #4-12") (*See: "U.S. v. Reedy, 632 F. Supp. 1415, 1422 n.# 16 & 17 (10th Cir. 1986)"; "U.S. v. Fenton, 654 F. Supp. 379, 380 (3rd Cir. 1987)"; "Davis v. U.S., 417 U.S. 333, 346-47 (1974)"; "Hines v. Drew, 2013 U.S. Dist. Lexis 142846, at: VI (4th Cir. 2013)"; and "Corcoran v. Sullivan, 112 F.3d 836, 837-38 (7th Cir. 1997)"); and

b). Ground: "Twenty Seven" is a "Claim" of "Ineffective Assistance of Trial Counsel", For Counsel's "Failure" to "Object" to the "Trial Court's" erroneous "Misinterpretation" and "Misapplication" of 18, U.S.C. § 2251(a)'s "Mental Culpability Element", in "Finding" this petitioner "Guilty" of Counts: "One-Five" under the "Wrong-Standard of Intent", embedded within the "Second Element"

④

of the Statute's "Provisionary Structure", thereby "Violating" this petitioner's "Sixth Amendment" right to an "Effective Assistance of Counsel".

By the "Trial Court" in this case finding petitioner "Guilty" of Counts: "One - Five" under a "General Intent", rather than a "Prerequisite - Specific Intent" actually "Required" by the "Mental Culpability" phrase: "For The Purpose of" included within the Statute's (*18 U.S.C. § 2251(a)) "Second Element", it thereby:

a). "Violated" his "Fifth Amendment" right to "Due Process", by "Convicting" him for "Engaging" in "Conduct" with a "Mens Rea" which the "Federal Law" does not make "Criminal", since it was a "Lesser Standard of Intent" than required by "Federal Law" (*See: "Davis v. U.S., 417 U.S. 333, 346-47 (1974)"; "Hines v. Drew, 2013 U.S. Dist Lexis 142846, *at VI (4th Cir. 2013)"; "Corcoran v. Sullivan, 112 F.3d 836, 837-38 (7th Cir. 1997)"; "U.S. v. Preedy, 632 F. Supp. 1415, 1422 n.* 16 & 17 (10th Cir. 1986)"; and "U.S. v. Fenton, 654 F. Supp. 379, 380 (3rd Cir. 1987)"); and

b). also "Violated" his "Fifth Amendment" right to "Due Process", by "Finding" him "Guilty" on Counts: "One - Five" without "Proving" the "Second Element" of those Counts "Beyond a Reasonable Doubt" (*See: "In re: Winship, 397 U.S. 358, 364 (1970)"; as well as its "Failure" to give petitioner "Adequate Notice" of the "Standard of Intent" it was "Adjudicating" Counts: "One - Five" by, for the "Prohibited Conduct" proscribed under "18, U.S.C. § 2251 (a) & (e)".

⑤

Thus, petitioner's "Claims of Error" raised under Grounds: "Twenty Six and Twenty Seven" of his "Section 2255" Motion, constitute Claims of the "Denial" of a "Constitutional Right", and therefore deserve "Remedy" through this "Procedural Processes" and "On The Merits" raised. (*See: Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)").

    ii). In the "Decision" by the "District Court" regarding Grounds: "Twenty Six and Twenty Seven" (*Document #202), the "Court" itself stated, in its "Denial" of those "Grounds", that:

> "The Court finds Petitioner's 'Ground 26 and 27 statements' to be a 'Stream of Conclusions' to the effect that, in some manner, the Court committed an 'Error of Law', and 'Defense Counsel' was 'Ineffective' by 'Failing to Object to that Error'. In the 'Absence' of any 'Specification' of the 'Alleged Error or Errors', the Court finds 'no statement of a Meritorious Basis for Relief'. Nor does the Court find any basis to conclude that 'Defense Counsel' erred by 'Failing to Object' in-regard to 'Unspecified Actions' by the Court". (*Id. at #2)(Emphisis added).

    Such a "Decision", in no way, "Adjudicates" the "Merits" of a petitioner's "Claim of Error", as is "required" by the "Fed. R. Civ. P.", because it "Fails" to even "Address" the "Merits" of the "Claim of Error" alleged or the "Constitutional Right" that was "Denied"; but rather, that "Decision" instead creates a further "Miscarriage of Justice" concerning the "Claim of Error" presented, because the "District Court" failed to "Adjudicate" that Claim "On the Merits" raised, therin "Failing" to "Finalize Judgement" on that "Claim of Error"; and thereby this Court lacks "Jurisdiction" on those "Claims of Error" raised.

Pursuant to "Fed. R. Civ. P., Rule 54(b)"; "... Any Order or other Decision, however designated, that 'Adjudicates Fewer than All Claims'... 'does not end the Action' as to 'any of the Claims'". Thus, where a "District Court" actually "Fails" to properly Adjudicate "All Claims" raised by a petitioner, "On The Merits" of the Claim presented, per "Fed. R. Civ. P., Rule 54(b)", that "Action" is not considered to have a "Final Judgement" through any "Order" issued by that "District Court"; and therefore, per: "Title 28, U.S.C. § 1291", this "Court of Appeals" actually lacks "Jurisdiction" on that "Claim" altogether (*See: "Catlin v. U.S., 324 U.S. 229, 233 (1945)"; "Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)"; "S.C. State Bd. of Dentistry v. FTC, 455 F.3d 436, 440 (4th Cir. 2006)"; "U.S. v. Myers, 593 F.3d 338, 344 (4th Cir. 2009)"; "Kelly v. Moore, 376 F.3d 481, 483 (5th & 11th Cir. 2004)"; and "Curol v. Energy Res. Tech. Inc., 203 Fed. Appx. 675, 677-78 (5th & 11th Cir. 2006)").

  iii). Therefore, since the "District Court" was provided with the Sufficient amount of Information, in the multiple "Motions" filed by this petitioner and the Government in this case, in-order to discern the "Claims of Error" raised by this petitioner under Grounds: "Twenty Six and Twenty Seven" (*Refer to: "Document # 4-1, pgs. # 4-12"), its baseless "Dispositive Procedural Ruling" on those Grounds is indeed "Debatable", and petitioner states that those Grounds cite "Debatable Claims" of the "Denial of a Constitutional right", with the help of the "Supporting Caselaw" cited in the foregoing arguement for this issue and the "Motions" filed by petitioner in this "Civil Action" (*See: "Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)"; "Erickson v. Pardus, 551 U.S. 89, 94 (2007)"; "Crowder v. U.S., 2014 U.S. Dist. Lexis 171528 (4th Cir. 2014)"; and "Venable v. Pritzker, 2014 U.S. Dist. Lexis 73600, at 1 (4th Cir. 2014)"); and thereby, petitioner states that this issue involves the following situations which constitute viable reasons for a "Rehearing" in this matter:

a). the foregoing arguement constitutes a "Material Legal Matter" which was "Overlooked" by this Court in its "Assessment" of petitioner's Motion requesting a "Certificate of Appealability", and therefore deserves another look into the matter;

b). the "Opinion" given by this Court concerning this matter actually "Conflicts" with prior "Decisions" by the "Supreme Court of The United States, this Court, and other Court of Appeals", regarding matters of "Appellette Jurisdiction", "Congressional Intent", "Statutory Standard of Intent", and "Mental Culpability Elementory Construction"; and those "Conflicts" were not "Addressed" by this Court; and

c). this issue involves questions that are of "Exceptional Importance", concerning matters of: the "Statutory Interpretation" of 18, U.S.C. § 2251 (a)'s "Mental Culpability Element" under its "Second Element"; "Appellette Jurisdiction" regarding motions that have not been fully "Adjudicated - On The Merits" by a "District Court"; and " the "Denial" of petitioners "Fifth & Sixth Amendment Constitutional Rights" to "Due Process" and "Effective Assistance of Counsel"; which all therefore deserve a "Direct" and "Explicit" response from this Court.

iv). Wherefore, this petitioner is respectfully requesting that this Court may "Remand" this issue back to the "District Court" in this case, in-order for it to actually "Adjudicate" Grounds: Twenty Six and Twenty

⑧

Seven" On The Merits as presented within the "Claims of Error" raised under those "Grounds", as a "Relief" to this "Issue".

B). That the "District Court" erred in its "Decision" concerning Ground: "One" of petitioner's Section 2255 Motion, with regard to the Government in this case committing "Prosecutorial Misconduct" by making an egregious "Misstatement of Law" concerning Counts: "Two and Three" of petitioner's convictions. (*Issue Two)

i). The basis of this argument, in essence, centers primarily on the "Second Circuit's" decision in "U.S. v. Broxmeyer, 616 F.3d 120, 126 (2010)", then the "Facts" of this case surrounding the actual "Production" of the "illicit images" that are the "basis" for Counts "Two and Three", and lastly, the "Governments" own "Misstatement of Law" concerning the "Culpability" of a "Defendant" under "18, U.S.C. § 2251(a)" when it is the "Minor" herself, not the "Defendant", who actually "Takes" an "illicit image" of herself "Engaging" in "Sexual Activity".

In "U.S. v. Broxmeyer", the "Second Circuit" held that: In order to "Convict" a "Defendant" for the "Violation" of "18, U.S.C. § 2251(a)", where it is the "Minor", not the "Defendant", who actually "Took" (*Produced) the "illicit image" herself, the "Government" must "Prove" (Beyond a Reasonable Doubt) that the Defendant's: "Persuasion, Inducement, Enticement, or Coercion" of the "Minor" to have her "Take" (*Produce) the "Sexually Explicit Visual Depictions" of herself had "occurred "Before" she actually "Took" those "Illicit Visual Depictions" (* i.e.: a "Prerequisite - Specific Intent") (*Id. at: 126; and "Holding #1") (*Paraphrased).

The "Facts" of this case actually "Established", on the "Record", that:

(9)

a). it was the "Minor Victim" in this case, "C.W.", who herself had actually "Taken" (*Produced) the "illicit videos" that are the "basis" for Counts: "Two and Three", not "this petitioner" or his Co-Defendant "Tiffany Bolner"; and (Document #196, Pg #13)

b). the "Minor Victim", C.W., herself "Testified" that: "No one" ever "Told her" to "Photograph" (*Record) anything; and if "She" did, it was only because the "Cameraphone" was just laying there and "something she could get to" (i.e.: no one had "Convinced" her to "Record" any "illicit conduct" Before she had done so) (*Refer to: "Document #4-1, Appendix B-2).

Nevertheless, the "Government", in its "Closing Arguements", when asked by the "Trial Court" for "Clarification" concerning its "arguement" in-regards to a defendants' "Culpability" under "18, U.S.C. § 2251(a)", when it is the "Minor" herself, not the "Defendant", who actually "Takes" (*Produces) the "Illicit Visual Depiction" in-question, had stated essentially that:

"It is 'more than sufficient' in finding a defendant 'Culpable' for the 'Production' of those 'Illicit Images' under '§ 2251(a)' (*i.e.: that "he" had "Produced" them), if it is 'Proved' by the 'Government' that: "After" he has "Realized" (*came to "Know") that the "minor" herself is actually 'Recording' the 'Illicit' Sexually Explicit Conduct, and then 'Continues' to 'Engage' in that 'Illicit Sexual Activity' with the 'Minor', now 'Knowing' that the 'Illicit Conduct' is actually being 'Recorded' by the 'Minor'; in-order to 'Prove' the Statute's "Second Element"."(*Paraphrased; See: "Appendix A-5, of "Document #4-1").

The "Government's" own "Affirmation Statement" is both: "Contrary" to the "Authoritative Caselaw" on the matter; and "Inopposite" the "Congressional Intent" concerning the "Mental Culpability" phrase embedded within the "Second Element" of "18, U.S.C. § 2251(a)", given the following reasons:

a). In "U.S. v. Broxmeyer, 616 F.3d 120, 125-26 (2010)", the "Second Circuit" had "Directly Addressed" the "Culpability" distinctions under the "Second Element" of "§2251(a)" between: a "Defendant" himself "Producing" the "Illicit Images" of the "Minor" engaging in "Sexually Explicit Conduct"; and when it is the "Minor" herself who actually "Produces" (*Takes) those "Illicit Images"; as a "Sufficiency of Evidence" matter within that case, which "resulted" in that Court "Explicitly Holding" that, in-order to "Convict" a defendant for the "Actual Production" of "Child Pornography" under "18, U.S.C. § 2251(a)", when it is the "Minor" herself, not the "Defendant", who actually "Takes" (*Produces) the "Illicit Images" charged, the "Government" "must prove" that: "the 'Defendant' himself had actually 'Persuaded, Induced, Enticed, or Coerced' the 'Minor' to 'Take' (*Produce) those illicit visual depictions 'Before' she actually 'Took' them". (*Paraphrased; Id. at: 125-26, and "Holding #1" (Westlaw)); and

b). Both: the "Trial Court's" utilization of, and the "Government's - Affirmation of Sufficiency" Statement, concerning the "Mens Rea" terms: "Knew, Know, and Knowing" regarding a defendant's "Culpability" under the "Second Element" of "18, U.S.C. § 2251(a)", stated within the "Government's - Closing Arguements" and the "Trial Court's - Statement of Judgement" for Counts: Two & Three of petitioner's convictions (*Refer to: "Document 4-1, Appendices: A-5 & B-1"), is actually "Inopposite" the actual "Intent" of "Congress" regarding the "Standard of Intent" required to be "Proven" under the "Second Element" of "18, U.S.C. § 2251(a)", by its "Conscience

(11)

"Choice" to "include" the "Mens Rea" term "Purpose" within the Statute's "Mental Culpability" phrase: "For The Purpose of" ("See:" Morrisette v. U.S., 342 U.S. 246, 264 n.#23 (1952)"), as "Congress" has: "Formed, Drafted, and Enacted" 18, U.S.C. § 2251(a) into "Federal Law"; which thereby "Requires" the "Government" to "Prove", Beyond a Reasonable Doubt, that a "Defendant" had the "Prerequisite-Specific Intent" (*Purpose), rather than a "General Intent" (*Knowledge), to actually "Produce" the proscribed "Illicit Visual Depictions" "Before" the "Minor" actually "Engages" in the "Sexually Explicit Conduct" ("See:" U.S. v. United States Gypsum Co., 438 U.S. 422, 444-45 (1978)"; "U.S. v. Bailey, 444 U.S. 394, 403-06 (1980)"; "Carhart v. Ashcroft, 331 F. Supp. 2d 805, 1039 (8th Cir. 2004)"; "Koshman v. Vilsak, 865 F. Supp. 2d 1083 (9th Cir. 2012)"; "U.S. v. Reedy, 632 F. Supp. 1415, 1422 n.#16 & 17 (10th Cir. 1986)"; "U.S. v. Fenton, 654 F. Supp. 379, 380 (3rd Cir. 1987)"; "A.L.I. Model Penal Code, § 2.02(2)(1962-2015)", and "U.S. v. Broxmeyer, 616 F. 3d 120, 125-26 (2nd Cir. 2010)"); and therefore, the "Government's" aforementioned "Affirmation of Sufficiency" statement, can be considered "no-less" than a "Misstatement of Law", because such a "Statement" allows a "Defendant" to be found "Guilty" of a "Crime" under a "Standard of Intent" which is "Lesser" than the actual "Standard" required for "Culpability" of that "Offense" through the "Congressional and Legislative Intent" of that Statute ("See:" Berger v. U.S., 295 U.S. 78, 84 (1935)"; and "Caldwell v. Mississippi, 472 U.S. 320, 340 (1985)"); which therein "Violates" his "Fifth Amendment" rights to a "Fundamentally Fair Trial" and "Due Process", because: 1). it causes him to be "Convicted" for "Engaging" in "Conduct" with a "Mens Rea" (*Intent) "not prohibited" by "Federal Law" ("See:" Davis v. U.S., 417 U.S. 333, 346-47 (1974)"; "Hines v. Drew, 2013 U.S. Dist. Lexis 142846, *at: VI (4th Cir. 2013)"; "Corcoran v. Sullivan, 112 F. 3d 836, 837-38 (7th Cir. 1997); and "U.S. v. Reedy, 632 F. Supp. 1415, 1422 n.#17 (1986)"); and 2). it essentially erroneously "Shifts" the

(12)

"Government's" own "Burden of Proof and Persuasion" upon the "Defense", by unecessarily "Requiring" the "Defendant" to "Disprove" the "Government's" own "Interpretation" of the "Burden of Proof" required by the "Second Element" of "18, U.S.C. § 2251(a)" concerning a defendant's "Mental Culpability" for the "Production of Child Pornography" (*See: "Engle v. Isaac, 456 U.S. 107, 131 (1982)"; "Stump v. Bennett, 398 F.2d 111, 118 & 122 (8th Cir. 1968)"; "In re: Winship, 397 U.S. 358, 364 (1970)"; and "Francis v. Franklin, 471 U.S. 307, 313 (1985)").

The aforementioned "Misstatement of Law" made by the "Government" in this case was not only a "Misrepresentation" to the "Trial Court" concerning the "Statutory Mental Culpability" requirements under the "Second Element" of "18, U.S.C. § 2251(a)", but it also had the "Egregious Outcome" of essentially "Misleading" that Court with its "Affirmation of Sufficiency" statement (*Misstatement of Law), to the "Effect" of having an erroneously "Direct Influence" on the "Trial Court's" own "Determinations" and "Verdicts" regarding Counts: "Two" and "Three" of petitioner's convictions, by it erroneously "Finding" this petitioner "Guilty" of those "Counts of Conviction" under a "General Intent" (*Knowledge) Mens Rea, rather than the "Prerequisite - Specific Intent" (*Purpose) actually "Required" by the "Second Element" of §2251(a)'s "Statutory Provisions" (*Refer to: "Document 4-1, Appenices A-5 & B-1"; See also: "Berger v. U.S., 295 U.S. 78, 84 (1935)"; "Caldwell v. Mississippi, 472 U.S. 320, 340 (1985)"; "U.S. v. Voice, 622 F.3d 870, 875 (8th Cir. 2010)"; and "U.S. v. Sandoval-Gonzalez, 642 F.3d 717, 724-25 (9th Cir. 2011).").

Thus, petitioner's "Claim of Error" raised under Ground: "One" of his "Section 2255" Motion presented to the "District Court", actually constitutes a "Claim" of the "Denial" of a "Constitutional Right" (*"Fifth Amendment" right to "Due Process"), given the foregoing "Supporting Caselaw" for this "Issue", and therefore deserves "Remedy" through this "Procedural Process" On The Merits raised

(13)

under "Ground:" "One" ("See:" Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)"; and "Miller-EL v. Cockrell, 537 U.S. 322, 336-38 (2003)").

In "Denying" "Ground:" "One" of petitioner's "Section 2255" Motion, the "District Court" had therein erroneously "Failed" to "Properly Assess" both: the "Relevency" of the "Ratio Decidendi" and "Holding" under "Broxmeyer" ("Id. at:" 125-26"; and "Holding #1" (westlaw)) to Counts: "Two & Three" of petitioner's convictions; and the "Authoritative Elements" of the "Points-of-Litigation" under "Broxmeyer", which makes that case "Applicable Law" to petitioner's own case through the "Application" of the "Stare Decisis Doctrine"; even though, in that "Decision" ("Refer to:" Document #196, pgs. #12-14"), the Court had stated ("Explicitly):

"The 'Broxmeyer' court 'Held' that 'Proof' of a charge under '18, U.S.C. § 2251(a)' requires 'Proof' that the defendant's: 'Persuasion, Inducement, and Coercion' had 'Caused' the 'Production' of a 'Visual Depiction'..." ("Id. at: 13)

; wherefore, under "Broxmeyer", the "Second Circuit" had "Directly Addressed" the "Culpability" distinctions under the "Second Element" of "18, U.S.C. § 2251(a)" when it is the "Minor" herself, not the "Defendant", who actually "Took" ("Produced) the prohibited "Visual Depictions"; where the "Broxmeyer" Holding and "Ratio Decidendi" identifies that: since the terms: "Persuade, Induce, Entice, and Coerce" are all "Words of Causation", it must then be "Proven" by the "Government" that a defendant "Caused" the "Minor" to "Produce" the "Illicit Visual Depictions" of her "Engaging" in Sexually Explicit Conduct "Before" she actually "Takes" those "Illicit Visual Depictions" herself ("Id. at: 125-26"); which is undoubtably "Relevant" and "Wholly-Pertinent" to the "Set of Circumstances" that "Surround" the "Actual Productions" of the "Illicit Videos" that are the "basis" for Counts: "Two & Three" of petitioner's convictions, where it was the "Minor" C.W. herself, not this Defendant, who actually "Took" ("Produced) the "Illicit Videos" charged under those "Counts of Conviction",

⑭

without being "Told" to, or "Persuaded, Induced, Enticed or Coerced" to, "Before" she actually started "Recording" them (* Refer to: "Document 4-1, Appendix B-2"; and "Document # 196, Pg. 13" (* Quoting: "The 'Videos' charged in 'Counts Two and Three' were 'taken' by the 'Victim'..."));therein making the "Holding" under "Broxmeyer" completely "Applicable Law" and undoubtably "Authoritative" to this petitioner's own case through a "Direct Application" of the "Stare Decisis Doctrine" (* See: "Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 406 (1932)"; "Vasquez v. Hillery, 474 U.S. 254, 265-66 (1986)"; "Payne v. Tennessee, 501 U.S. 808, 827 (1991)"; "State Oil Co. v. Khan, 522 U.S. 3, 20 (1997)"; and "U.S. v. Anderson, 340 Fed. Appx. 869, 871 (4th Cir. 2009)"); and therefore, the "District Court's" own "Assessment" concerning: 1). the "Constitutional Claims" raised under Ground: "One"; and 2). the "Relevancy/Authority" of "Broxmeyer" to "this petitioner's case regarding Counts: "Two & Three" of petitioner's convictions, is totally "Wrong", or atleast "Debatable", given the foregoing "Supporting Argument and Caselaw" (* Refer to: "Slack v. McDaniel, 529 U.S. 473, 484 (2000)"; and thereby, this "issue" involves "Situations" of: 1). a "Material Fact and Legal Matter" being "Overlooked" by this Court, and which clearly deserves "another look" into them; and 2). the "Opinion" given by this Court, concerning "this issue", actually "Conflicts" with prior "Holdings" & "Decisions" of the: "Supreme Court, this Court, or other Courts of Appeals", which are "Cited" in the foregoing "Argument" and within the "Motions" filed by petitioner concerning this "Issue", and those "Conflicts" were never "Addressed" by this Court; which are "Viable Reasons" for this Court to "Grant" a "Rehearing" in this case. (* Fed. R. App. P., Rule 35 ).

"Conclusion"

Wherefore, this petitioner is respectfully requesting that this Court may properly consider "All" of the foregoing information, in the "Totality of the Circumstances" presented, so that it may be able to "properly discern" that:

1). the foregoing "Arguments" and "Supporting Caselaw", actually "Demonstrates" a "Substantial Showing" of the "Denials of petitioners' Fifth & Sixth

(15)

Amendment" Constitutional rights ("See: "28, U.S.C. § 2253(c)(2) (2014)"; Miller-EL v. Cockrell, 537 U.S. 322, 336-38 (2003)"; and "U.S. v. Smith, 2015 U.S. Dist. Lexis 332, *at: 1 (4th Cir. 2015)");

    ii). that "Reasonable Jurists", who considers the foregoing: "Issues, Arguements, and Supporting Caselaw", would find that the information presented "constitutes" situations of "Reasonable Doubt" concerning petitioner's "Guilt" regarding Counts: "One-Five" of his convictions, and that he is "Actually Innocent" of those "Counts" ("See: "Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992)"; "Bousley v. U.S., 523 U.S. 614, 622-24 (1998)"; "U.S. v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999)"; and "Borrego v. U.S., 975 F. Supp. 520, 524 n.#3 (2nd Cir. 1997)"); and

    iii). "Reasonable Jurists" would find that the "District Court's" own "Assessment" of the "Constitutional Claims", presented within those "Grounds" raised, regarding these "Issues" is either "Wrong" or "Debatable", and thereby "deserve" a "Certificate of Appealability" to be "Issued" by this Court ("See: "Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)"; and "Miller-EL v. Cockrell, 537 U.S. 322, 336-38 (2003)").

    Therefore, petitioner is requesting this Court to "Grant" him a "Rehearing" on the foregoing "Issues" presented in this "Petition".

    I hereby declare, under the penalties of perjury, that the foregoing information is "True" and "Correct".

*[signature]*

"Certificate of Service"

    I hereby certify that, on this "29th" day of "March 2016", a "Copy" of this: "Petition for Rehearing", was mailed, postage prepaid, to: "Paul E. Budlow & Kristi N. O'Malley, Office of the U.S. Attorney, 36 S. Charles St, 4th Floor, Baltimore, MD 21201".

*[signature]*

(16)                 Pro Se

<u>Pro se</u>
Jesse Aaron Davison #369-514
N.B.C.I.
14100 McMullen Hwy,
Cumberland, MD 21502

Jesse Davison #319-514
1100 McMullen Hwy.
Cumberland, MD 21502

Clerk of the Court
U.S. Court of Appeals
For The Fourth Circuit
1100 E. Main St.
Richmond, VA 23219



OUTGOING INMATE MAIL
MAR 31 2016
WCI/NBCI